# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SAGINAW COUNTY, a Michigan municipal corporation

Plaintiffs,

v.

STAT EMERGENCY MEDICAL SERVICE, INC., a Michigan for-profit corporation

Defendants.

Case No. 4:17-cv-10275
Hon. Terrence G. Berg

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 23)

### I. Introduction

Saginaw County—a Michigan county organized as a municipal corporation under Michigan law—passed an ordinance in 2016 requiring anyone seeking to provide ambulance services in the county to first obtain the approval of the County Board of Commissioners. One ambulance company—licensed to provide ambulance services by the State of Michigan—operated in the county without the Board's approval. The County ("Plaintiff" or "Saginaw") sued that company, STAT Emergency Medical Services ("STAT" or "Defendant"), seeking a declaratory judgment that its ordinance is legal under state law and that enforcing it against Defendant would

not violate the federal Sherman Antitrust Act (the "Sherman Act"). STAT is a for-profit corporation that operates ambulance services throughout the state of Michigan, including within Saginaw County. STAT moved to dismiss the County's complaint. The Court heard oral argument on the motion to dismiss on May 2, 2018. In a detailed Opinion and Order dated July 31, 2018, that motion was granted. *See* Opinion and Order, ECF No. 22.

Saginaw County now moves this Court to reconsider its opinion, per Fed. R. Civ. P. 59(e) and Local Rule 7.1(h). Saginaw County says that the Court "was misled by Defendant's representations in pleadings and before the Court, that there was no evident actual or ripe controversy between it and Saginaw County under federal anti-trust law that postdates STAT's licensing in Saginaw County." Plaintiff's Motion for Reconsideration, ECF No. 23, PageID.626.

Saginaw County claims the court "committed palpable error when it concluded that Saginaw County had not pled damages that would occur if its exclusive contract with MMR were not enforceable in the face of anti-trust claims." *Id*. at PageID.627.

Saginaw County also claims the Court committed palpable error "when it completely ignored the County's argument that it was using the Declaratory Judgment Act as intended by Congress to adjudicate the anti-trust claims of STAT […] before any possible anti-

trust damages were accrued, not because it wanted to avoid expensive anti-trust attorney's fees." *Id.*

## II. Legal Standards

In a motion for reconsideration, the "movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. MICH. L.R. 7.1(h); *see also Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990); *Huff v. Metro Life Insurance Co.*, 678 F.2d 119, 122 (6th Cir. 1982). The Court will not grant a motion for reconsideration that "merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication." *Id.* Federal Rule of Civil Procedure 59(e) requires that any such motion be filed no later than 28 days after entry of the judgment. FED. R. CIV. P. 59(e).

Local Rule 7.1(h)(2) normally proscribes any response from non-moving party, but this Court ordered a response and reply from parties. Notice, ECF No. 24.

## III. Analysis

Saginaw County takes issue with its interpretation of the Court's Opinion and Order, describing in several places where they believe the Court was "obviously" incorrect (ECF No. 23, PageID.631, 632), where the ruling is "unfair and plainly wrong"

3

(*Id.* at PageID.631), where the Court's understanding was "plainly not true" (*Id.*), and where the order amounted to an "abuse of discretion" (*Id.* at PageID.633). Despite the rigor of these complaints, Saginaw County did not see fit to cite even once to a specific page of the Court's opinion and order. In multiple places, Saginaw County incorrectly ascribes a position to the Court not taken in its Order, thereby betraying a misapprehension of the legal principles at issue in this case. Despite these failings the Court now addresses the two "palpable defects" that Saginaw County specifically mentions in their motion, and a third instance in which they believe the Court was misled by Defendant.

### a. The Court was not misled as to the existence of a case or controversy

Plaintiff alleges first that the Court was misled by Defendant as to the existence of a controversy. Plaintiff's Motion for Reconsideration, ECF No. 23, PageID.626. In support of this, Plaintiff points to an article on "MLive" about the Court's dismissal of the case. MLive Article, ECF No. 23-1. In that article, Defendant's vice president and chief operating officer, Joseph Karlichek, is quoted saying, among other things, "Saginaw County and MMR know full well that their actions are not only contrary to the EMS statutes of the State of Michigan, but in violation of Federal law." *Id.*

Defendant responds that this is "the same argument this Court considered and rejected in its opinion and order dismissing the case in the first place." Defendant's Resp., ECF No. 25, PageID.652. Defendant goes on to say "the Court recognized that there is no "case or controversy" present before the Court based on public comments made by STAT and its attorneys." *Id*.

Defendant is correct. The Court already discussed at length the framework for identifying "case or controversy" requirements, and declines to repeat them here, especially because Plaintiff has presented no new authority or different analysis of the relevant statutes and case law. *See* Opinion and Order, ECF No. 22, PageID.594–597. Plaintiff presents nothing more than a rehash of its previous argument; it fails to identify any a palpable error in the Court's determination that no case or controversy exists.

### b. The Court did not commit palpable error regarding imminent damages

Plaintiff next alleges that the Court committed palpable error "when it concluded that Saginaw County had not pled damages that would occur if its exclusive contract with MMR were not enforceable in the face of anti-trust claims." Plaintiff's Motion for Reconsideration, ECF No. 23, PageID.627. Plaintiff also says, "Saginaw County has adequately pled governmental reasons for its restraint of trade and damages that are incurring and before they could be accruing

5

if it does not promptly resolve this controversy." ECF No. 23, PageID.632. Though bordering on inscrutable, Plaintiff's position appears to be that it adequately plead that damages would occur if this Court dismissed the suit. Once again, this is a rehash of a previous argument, and ignores the reality that there is no active controversy at hand. The Court already discussed this issue in its opinion and order as follows:

> At the hearing on Defendant's motion to dismiss, Plaintiff high-lighted the possibility that STAT will bring a federal antitrust case against it in response to its efforts to enforce the Ordinance, which could lead to prolonged federal antitrust litigation. This sentiment is echoed throughout Plaintiff's pleadings and briefing. As an initial matter, it is not clear that Plaintiff's efforts to enforce the Ordinance, whatever they might be, would lead to STAT initiating a federal antitrust lawsuit against Plaintiff. If confronted with sanctions, STAT could very well adapt its behavior; there is no way for the Court to know what might happen. Plaintiff's suit nevertheless seeks a declaration of what the law would be if the County were to undertake enforcement activity against STAT and STAT were to respond by filing an antitrust lawsuit against it. But, even assuming for a moment that such an enforcement action may take place in the future, to be ripe, a suit seeking a declaratory judgment must allege what harm the defendant would suffer from the denial of judicial relief right now. The prospect of protracted federal antitrust litigation is no more diminished if it is pursued in this litigation than through a subsequent action brought based on a ripe and actual controversy. For these reasons, the Court finds that parties will suffer little hardship if judicial relief is denied at this stage and further that, based on the record to

> date, it is unclear whether the harm alleged by Plaintiffs
> will ever come to pass.

Opinion and Order, ECF No. 22, PageID.613–14. Saginaw County, then and now, has failed to allege adequately that any imminent harm or damages would occur upon the Court's dismissal of this action. No palpable error, or any error, has been shown.

**IV. The Court did not commit a palpable error when it found, alternatively, that Plaintiff failed to state a claim under the Sherman Act upon which relief may be granted**

Lastly, Saginaw County claims the Court committed palpable error "when it completely ignored the County's argument that it was using the Declaratory Judgment Act as intended by Congress to adjudicate the anti-trust claims of STAT […] before any possible anti-trust damages were accrued, not because it wanted to avoid expensive anti-trust attorney's fees." ECF No. 23, PageID.627. In the accompanying brief, Plaintiff goes on to say, "the Court committed palpable error when it found that Saginaw County has failed to cite policy justifications for the contract and ordinance that restrain trade in order to state a defensible anti-trust position." ECF No. 23, PageID.631. It is not surprising that Plaintiff provides no cite to the page of this Court's order on which one might locate this particular finding. That is because there is no such finding in the order.

Rather, this Court found that Saginaw County failed to explain how its primary services contract, 911 Plan, and Ordinance

7

did not violate the Sherman Act by creating an unlawful restraint of trade. *See* Opinion and Order, ECF No. 22, PageID.616–17. For, if Saginaw County cannot effectively explain how its plans do not violate the Sherman Act, the Court would be unable to provide the declaratory judgment it seeks. The Court explained that, "Plaintiff's Amended Complaint similarly fails to allege any facts to plausibly show it is entitled to a declaration that its 911 Plan, the Ordinance, and the contract with MMR do not violate Section 2 of the Sherman Act.… Thus, even if the Court had subject-matter jurisdiction over Plaintiff's Sherman Act claim, it would be subject to dismissal." *Id*. at PageID.617.

In their Reply to the Defendant's Response to the instant motion, Plaintiff says, "by citing State policy and how its contract with MMR advances that state policy, MMR [sic] has stated a classic state action immunity defense to § 1 of the Sherman Act." Reply, ECF No. 26, PageID.666. Plaintiff referenced this argument in their First Amended Complaint when they noted several courts in other jurisdictions that found similar ambulance service contracts were not subject to the Sherman Act because of the state action immunity defense. ECF No. 10, PageID.217; and n.1. But Plaintiff never applied the state action immunity defense test to the facts of their complaint. Instead, they merely allege that such a defense exists. Vague reference to a test that may or may not apply is not "stat[ing]

8

a classic state action immunity defense," and Plaintiff cannot rely on the Court to fill in the blanks of its filings.

Plaintiff sought a declaration that their ambulance plan was legal and not in violation of the Sherman Act, among other statutes. But they did not plead adequate facts to show that this is true. The Court made no finding whatever on the question of whether Saginaw County's plan ran afoul of the Sherman Act, it simply concluded that, on the facts as alleged, the Court could not declare as a matter of law that the plan does *not* violate the Act. The Court's finding that Plaintiff failed to adequately allege facts showing the contract, 911 Plan, and Ordinance were not in violation of the Sherman Act is not a palpable defect.

## V. Conclusion

For the foregoing reasons, Plaintiff's Motion for Reconsideration is **DENIED**.

**SO ORDERED.**

Dated: March 25, 2019    s/Terrence G. Berg
                         TERRENCE G. BERG
                         UNITED STATES DISTRICT JUDGE

9

## Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on March 25, 2019.

s/A. Chubb
Case Manager
